180-07/WLJ/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
E.D. & F. MAN SUGAR LIMITED
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
William L. Juska, Jr. (WJ 0772))
Manuel A. Molina (MM 1017)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

E.D & F. MAN SUGAR LIMITED,                          07 CIV.        (        )

                Plaintiff,           **VERIFIED COMPLAINT**

    -against-

KRYTON LENDOUDIS a/k/a KRITON LENDOUDIS
a/k/a KRITONAS LENDOUDIS,

                Defendant.
-----------------------------------------------------------------------x

      Plaintiff E.D. & F. MAN SUGAR LIMITED (hereinafter "EDFM"), by its attorneys

Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant KRYTON

LENDOUDIS a/k/a KRITON LENDOUDIS a/k/a KRITONAS LENDOUDIS (hereinafter

"LENDOUDIS"), alleges upon information and belief as follows:

      1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime charter party

contract. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to

28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and

this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

      2.      At all times relevant hereto, EDFM was and still is a foreign business entity

organized and existing under the laws of a foreign country, with an office located at Cottons

Centre, Hays Lane, London SE1 2QE, England.

NYDOCS1/284073.1

3.    At all times relevant hereto, LENDOUDIS was and still is a foreign citizen, with an office and place of business at care of Evalend Shipping Co. S.A., 21 Filellinon & G. Souri Street 105 57 Athens, Greece.

4.    On or about November 5, 1987, on the terms of a Conline Booking Note, EDFM and LENDOUDIS entered into a maritime contract whereby LENDOUDIS agreed to provide a vessel for the carriage of a cargo of 12,000 metric tons of sugar in bags from Stetting, Poland to Jeddah, Saudi Arabia.

5.    On November 12, 1987, the M/V DONG ACE was nominated by LENDOUDIS as the performing vessel under the parties' contract of carriage.

6.    On November 19, 2007, however, LENDOUDIS repudiated the parties' contract by advising EDFM that the M/V DONG ACE had not been fixed by LENDOUDIS to perform the contracted voyage.

7.    Despite repeated demands by EDFM to LENDOUDIS to confirm the nomination of the vessel or at least to present a suitable substitute vessel to perform the contracted voyage, LENDOUDIS failed to reply or to accede to EDFM's demands.

8.    As a result of LENDOUDIS' repudiatory breach in failing to perform the contracted voyage, EDFM suffered losses and damages, for which LENDOUDIS was liable to EDFM.

9.    EDFM commenced arbitration proceedings against LENDOUDIS, after the High Court of London on February 17, 1989, ruled that LENDOUDIS, individually, was the proper party to the contract with EDFM and was accordingly subject to arbitration.

10.    Subsequently, on March 16, 1994, the sole arbitrator hearing the parties' dispute issued a Final Arbitration Award in favor of EDFM and against LENDOUDIS whereby EDFM was awarded: (a) $171,268.62 on its principal claim; (b) the sum of $85,024.44 reflecting the

interest calculated on the sum of $171,268.62 at the rate of 8% per annum from January 1, 1988 to March 16, 1994; and (c) the sum of $39,168.33 reflecting the legal costs of the arbitration, for a total Final Arbitration Award of $295,461.39. See Exhibit 1 annexed hereto.

11.    Subsequently, because of a clerical mistake in the March 16, 1994 Final Arbitration Award, the sole arbitrator issued a Supplementary Final Arbitration Award on April 14, 1994. The Supplementary Arbitration Award was incorporated into and formed part of the March 16, 1994 Final Arbitration Award. See Exhibit 2 hereto.

12.    To this date, LENDOUDIS has failed to pay the sum of $295,461.39.

13.    EDFM has made due demand for payment to LENDOUDIS in the sum of $295,461.39. LENDOUDIS, however, has refused or has otherwise failed to pay the London Final Arbitration Award.

14.    On May 24, 2007, the High Court of London issued an Order, on EDFM's application, granting EDFM's permission to enforce the March 16, 1994 Award and Supplementary Award of April 14, 1994 against LENDOUDIS. See Exhibit 3 annexed hereto.

15.    The Order also required that LENDOUDIS pay interest on the March 16, 1994 Final Arbitration Award and April 14, 1994 Supplementary Final Arbitration Award of $295,461.39 at the rate of 8% from March 16, 1994 to the date of payment by LENDOUDIS. See Exhibit 3 annexed hereto.

16.    This action is brought to obtain jurisdiction over Defendant LENDOUDIS to enforce the March 16, 1994 Final Arbitration Award and the April 14, 1994 Supplementary Final Arbitration Award, as well as to obtain security in favor of Plaintiff EDFM in respect to EDFM's claims against Defendant LENDOUDIS as reflected in the aforementioned London Final Arbitration Awards, plus costs.

17.    After investigation, Defendant LENDOUDIS cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant ("ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

18.    As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by EDFM against LENDOUDIS includes:

(a)  EDFM's claim for $295,461.39, reflecting the outstanding sum due from LENDOUDIS as per the aforementioned London Final Arbitration Awards;

(b)  Interest in the amount of $312,136.83, calculated on the above sum at the rate of 8% per annum from March 16, 1994 to the date of payment (as per the May 24, 2007 Order), which for purposes of the application will be fixed at May 30, 2007, the date of the filing of this Verified Complaint.

19.    Based upon the foregoing, the total amount EDFM seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$607,598.22.**

W H E R E F O R E, Plaintiff E.D. & F. MAN SUGAR LIMITED prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant KRYTON LENDOUDIS a/k/a KRITON LENDOUDIS a/k/a KRITONAS LENDOUDIS, citing him to appear and answer the foregoing, failing which a default will be taken against him for the principal amount of the claim of $295,461.39, plus interest, as per the Order of May 24, 2007 of the London High Court ;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$607,598.22,** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as may be held, received or transferred in his own name or as may be held, received or transferred for his benefit at, through or within the possession, custody or control of banking institutions and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendant to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

    d.  That Plaintiff have such other, further and different relief as this Court may deem

just and proper.

Dated: New York, New York
        May 30, 2007

                            FREEHILL HOGAN & MAHAR, LLP
                            Attorneys for Plaintiff
                            E.D. & F. MAN SUGAR LIMITED

          By:

                            William L. Juska, Jr.  (WJ 0772)
                            Manuel A. Molina (MM 1017)
                            80 Pine Street
                            New York, NY  10005

## ATTORNEY VERIFICATION

State of New York      )
                       ) ss.:
County of New York  )

WILLIAM L. JUSKA, JR., being duly sworn, deposes and says:

1.      I am a partner in the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action.  I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3.      The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
William L. Juska Jr.

Sworn to before me this
30 th day of May, 2007

_____
NOTARY PUBLIC

ROBERT G. RIDENOUR, JR.
Notary Public, State of New York
No. 01RI5008838
Qualified in Richmond County
Commission Expires March 1, 2011

# EXHIBIT 1

# CHEESWRIGHTS
## NOTARIES PUBLIC

10 PHILPOT LANE
LONDON EC3M 8AA
TELEPHONE: 071-623 9477
FACSIMILE: 071-623 5428
TELEX: 883806 MURLYN
DX 627/LONDON CITY EC3

A. J. BURGESS
N. P. READY

RUTH M. CAMPBELL
J.B. BURGESS
CONSULTANTS:
B. G. C. BROOKS
D. W. JULIAN
J. D. G. SAUL

# B

...TO ALL TO WHOM these presents shall come, I
JEREMY BROOKER BURGESS of the City of London
NOTARY PUBLIC by royal authority duly admitted and
sworn DO HEREBY CERTIFY the genuineness of the
signature "Christopher J. W. Moss" subscribed to
the final arbitration award hereunto annexed, such
signature being in the own, true and proper
handwriting of CHRISTOPHER JOHN WILLIAM MOSS,
therein named and described.

IN FAITH AND TESTIMONY whereof I the said Notary
have subscribed my name and set and affixed my seal
of Office at London aforesaid this twentieth day of
July One thousand nine hundred and ninety four.



THE ARBITRATION
AWARD DD 16.3.1994
AND ITS REASONS

APOSTILLE

(Hague Convention of 5 October 1961/Convention de La Haye du 5 octobre 1961)

1.  Country: United Kingdom of Great Britain and Northern Ireland
    Pays: Royaume-Uni de Grande-Bretagne et d'Irlande du Nord

This public document/Le présent acte public

2.  has been signed by
    a été signé par .......... *J B Burgess* ..........

3.  acting in the capacity of
    agissant en qualité de .......... Notary Public
    THE SAID NOTARY PUBLIC ..........

4.  bears the seal/stamp of
    est revêtu du sceau/timbre de ..................................

Certified/Attesté

5.  at London/à Londres          6.  the/le .......... **21 JUL 1994**

7.  by Her Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs/
    par le Secrétaire d'Etat Principal de Sa Majesté aux Affaires Etrangères et du Commonwealth.

8.  Number/sous No  **G 242142**

9.  Stamp          10.  Signature:
    timbre:



**C. LEVERMORE**

For the Secretary of State/ Pour le Secrétaire d'Etat

<u>IN THE MATTER OF THE ARBITRATION ACTS 1950-1979</u>

<u>AND</u>

<u>IN THE MATTER OF AN ARBITRATION</u>

<u>BETWEEN:-</u>

E.D. & F. MAN (SUGAR) LIMITED

<u>Claimants</u>
(Shippers)

- and -

KRYTON LENDOUDIS

<u>Respondent</u>

<u>"DONG ACE"</u>

<u>Contract dated 5th November 1987</u>

---

FINAL ARBITRATION AWARD

---

**WHEREAS:**

1.    By a booking note contract dated 5th November 1987 on the Conline form
with additional clauses ("the Contract"), the Claimants contracted with the
Respondent for the provision of a vessel by the Respondent to carry a cargo
of 12,000 metric tons of sugar in bags from "1/2 safe berths 1 safe port
Poland" to Jeddah. The Claimants nominated Stettin as the loading port and
the Respondent nominated the vessel "DONG ACE" pursuant to the contract.

2.    Additional Clause 37 of the Liner booking note provided:-

"Any dispute that may arise under this Booking Note to be settled by arbitration, each party appointing an Arbitrator, and should they be unable to agree, the decision of an Umpire selected by them to be final. The Arbitrators and Umpires are all to be Commercial men and resident in London and the arbitration to take place there. This submission may be made a rule of the High Court of Justice in England by either party."

3.    Disputes arose between the parties as detailed hereafter and in a judgment of Mr Justice Evans given in the High Court at London on 17th February 1989, it was confirmed, inter alia, that I the undersigned Christopher J W Moss of 4 Charlotte Place, Wilton Road, London SW1V 1DP, had jurisdiction to act as sole arbitrator for the purpose of determining any disputes between the Claimants and the Respondent arising from the Contract.

4.    The Respondent, who had been declared a proper party to the arbitration proceedings by a declaration of Mr Justice Evans given in the said judgment of 17th February 1989, took no active part in the proceedings and failed to respond to my letters addressed to him dated 8th March 1993, 16th June 1993, 17th September 1993 and 22nd November 1993, sent by recorded delivery and registered post. My final and peremptory Order dated 17th September 1993 was published in summary form in two daily newspapers and by service of the original Order with a Greek translation through a Court bailiff upon the District Attorney of the Athens Court.

5.    The Claimants asserted that in repudiatory breach of the Contract the Respondent had failed to provide the nominated or any vessel to perform the contractual voyage and that they were therefore obliged to ship the cargo on a substitute vessel, "CHRISTIN T". The Claimants alleged that they had suffered losses by way of an increased freight rate of US$126,000.00 and damages for delay of US$40,800.00 together with letter of credit costs of US$4,468.62.

6.    The Claimants were represented by their London solicitors. They put before me written submissions and evidence (all of it documentary). They did not

- 3 -

are accordingly attached hereto and form part of this my Final Award.

NOW I the said Christopher J W Moss, having taken upon myself the burden of this reference, having considered the evidence (all of it documentary) and arguments submitted to me and having given due weight thereto, **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FINAL AWARD** as follows:

A.    **I FIND AND HOLD** that the Claimants' claim succeeds in full.

B.    **I THEREFORE AWARD AND ADJUDGE** that the Respondent shall forthwith pay to the Claimants the sum of US$171,268.62 (one hundred and seventy one thousand, two hundred and sixty-eight United States dollars and sixty-two cents) together with interest at the rate of 8% per annum from 1st January 1988 to the date of this my **FINAL AWARD**.

C.    **I FURTHER AWARD AND ADJUDGE** that the Respondent shall bear and pay his own and the Claimants' recoverable costs of the reference (the latter of which I hereby tax and settle at the sum of £18,172.00 (eighteen thousand, one hundred and seventy-two pounts sterling), together with the costs of this my **FINAL AWARD** which I hereby tax and settle in the sum of £1,420.00 (inclusive of my interlocutory fees and disbursements) **PROVIDED** that if, in the first instance, the Owners shall have borne any part of the said costs of this my **FINAL AWARD** they shall be entitled to an immediate refund from the Respondent of the sum so paid.

Given under our my hand in London this 16th day of March 1994.

_Chris John J. W. Moss_

.........................................................
Sole Arbitrator

_BHayes_

_____
Witness

# EXHIBIT 2

# CHEESWRIGHTS
## NOTARIES PUBLIC

10 PHILPOT LANE
LONDON EC3M 8AA
TELEPHONE: 071-623 9477
FACSIMILE: 071-623 5428
TELEX: 883806 MURLYN
DX 627/LONDON CITY EC3

A. J. BURGESS
N. P. READY

RUTH M. CAMPBELL
J.B. BURGESS
CONSULTANTS:
B. G. C. BROOKS
D. W. JULIAN
J. D. G. SAUL

TO ALL TO WHOM these presents shall come, I
JEREMY BROOKER BURGESS of the City of London
NOTARY PUBLIC by royal authority duly admitted and
sworn DO HEREBY CERTIFY the genuineness of the
signature "Christopher J. W. Moss" subscribed to
the supplementary arbitration award hereunto
annexed, such signature being in the own, true and
proper handwriting of CHRISTOPHER JOHN WILLIAM
MOSS, therein named and described.

IN FAITH AND TESTIMONY whereof I the said Notary
have subscribed my name and set and affixed my seal
of Office at London aforesaid this twentieth day of
July One thousand nine hundred and ninety four.



THE SUPPLEMENTARY
ARBITRATION AWARD
DD 14.4.1994

APOSTILLE

1. (Hague Convention of 5 October 1961/Convention de La Haye du 5 octobre 1961)
   Country: United Kingdom of Great Britain and Northern Ireland
   Pays: Royaume-Uni de Grande-Bretagne et d'Irlande du Nord

   This public document/Le présent acte public

2. has been signed by
   a été signé par ................ J. B. Burford .................

3. acting in the capacity of
   agissant en qualité de ....... Notary Public ..................
                                  THE SAID NOTARY PUBLIC

4. bears the seal/stamp of
   est revêtu du sceau/timbre de .................................

                        Certified/Attesté

5. at London/à Londres              6. the/le    **21 JUL 1994**

7. by Her Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs/
   par le Secrétaire d'Etat Principal de Sa Majesté aux Affaires Etrangères et du Commonwealth.

8. Number/sous No    **G 242143**

9. Stamp:
   timbre:                    10.   Signature:



                                    **C. LEVERMORE**

                          For the Secretary of State/ Pour le Secrétaire d'Etat



<u>IN THE MATTER OF THE ARBITRATION ACTS 1950-1979</u>

<u>AND</u>

<u>IN THE MATTER OF AN ARBITRATION</u>

<u>BETWEEN</u>:-

E.D. & F. MAN (SUGAR) LIMITED

<u>Claimants</u>
(Shippers)

- and -

KRYTON LENDOUDIS

<u>Respondent</u>

<u>"DONG ACE"</u>

<u>Contract dated 5th November 1987</u>

SUPPLEMENTARY ARBITRATION AWARD

**WHEREAS:**

1.    On 16th March 1994, I the undersigned Christopher J W Moss, as sole arbitrator in the reference, made a Final Arbitration Award in which I held that the Claimants' claim succeeded in full and in which I awarded and adjudged that the Respondent should forthwith pay to the Claimants the sum of US$171,268.62, together with interest thereon at the rate of 8% per annum from 1st January 1988.

2.    On receipt of my said Final Arbitration Award the Claimants' solicitors drew my attention to the fact that paragraph C. of the said Award contained what

they believed to be a typographical error in that I had used the word "Owners" when I had intended to mean "Claimants".

3.    Section 17 of the Arbitration Act 1950 provides:-

> "Unless a contrary intention is expressed in the arbitration agreement the Arbitrator or Umpire shall have power to correct in an Award any clerical mistake or error arising from any accidental slip or omission."

I am satisfied that I am entitled to correct the typographical error referred to by the Claimants' solicitors pursuant to the power given to me by the said Section 17.

NOW I the said Christopher J W Moss, **HEREBY DECLARE** that my **FINAL ARBITRATION AWARD** shall be amended as follows:

A.    Paragraph C. shall read:-

> "C.    **I FURTHER AWARD AND ADJUDGE** that the Respondent shall bear and pay his own and the Claimants' recoverable costs of the reference (the latter of which I hereby tax and settle at the sum of £18,172.00 (eighteen thousand, one hundred and seventy-two pounds sterling), together with the costs of this my **FINAL AWARD** which I hereby tax and settle in the sum of £1,420.00 (inclusive of my interlocutory fees and disbursements) **PROVIDED** that if, in the first instance, the Claimants shall have borne any part of the said costs of this my **FINAL AWARD** they shall be entitled to an immediate refund from the Respondent of the sum so paid."

B.    The remainder of my said **FINAL ARBITRATION AWARD** remains unaltered and **I FURTHER DECLARE** that this Supplementary Arbitration Award shall be incorporated into and form part of my said **FINAL AWARD** dated 16th March 1994.

Given under our my hand in London this 14th day of April 1994.

............................................................
Sole Arbitrator

............................................................
Witness

IN THE MATTER OF THE ARBITRATION
ACTS 1950-1979

AND

IN THE MATTER OF AN ARBITRATION

BETWEEN:-

E.D. & F. MAN (SUGAR) LIMITED

Claimants
(Shippers)

- and -

KRYTON LENDOUDIS

Respondent

"DONG ACE"

Contract dated 5th November 1987

SUPPLEMENTARY    ARBITRATION
AWARD

# EXHIBIT 3

**IN THE HIGH COURT OF JUSTICE**

**QUEEN'S BENCH DIVISION**

**COMMERCIAL COURT**

MR JUSTICE DAVID STEEL.

**IN AN ARBITRATION APPLICATION**

**Under s4 of the Civil Jurisdiction and Judgments Act 1982**

Claim No. 2007 Folio

**BETWEEN:-**

| | |
|---|---|
| **Applicants** | E.D. & F. MAN SUGAR LIMITED |
| **Respondent** | KRYTON LENDOUDIS |

and

**In the matter of an Arbitration between:**

| | |
|---|---|
| **Claimant** | E.D. & F. MAN SUGAR LIMITED |
| **Respondent** | KRYTON LENDOUDIS |

---

**ORDER**

---

UPON reading the witness statement of Nicholas George Parton dated 23 May 2007 it is hereby ordered that:

1. Pursuant to s26 of the Arbitration Act 1950 permission be granted to the Applicant to enforce the Award of Christopher J.W. Moss dated 16 March 1994 and the supplementary award dated 14 April 1994 (together the Award);

2. Judgment be entered in terms of the Award for US$295,461.39 (the Judgment Debt);

3. The Respondent pay interest on the Judgment Debt at 8% from 16 March 1994 to the date of payment;

4.  Pursuant to CPR Part 74.3(c) Greek Court Judgment no. 2976/1995 turning the Award into a Greek executable title (upheld by the Greek Court of Appeal judgment no. 4471/99 and the Supreme Court of Athens judgment no. 1266/2001) be registered for enforcement in England and Wales;

5.  Service of this order, the application notice and witness statement in support be suspended for 56 days to permit the Applicant to obtain a New York Rule B attachment against the Respondent.

6.  Forthwith upon the expiration of 56 days or obtaining the Rule B attachment, if earlier, the Applicant must serve this order, the arbitration application and witness statement in support out of the jurisdiction on the Respondent in Greece by first class post and/or courier at the offices of Evalend Shipping Company S.A, 21 Fillelinon & G Souri Street 105 57 Athens, Greece. Such service to be deemed valid and to take effect on the second day of posting or on the day that it is left at the said address by courier.

7.  The Respondent has a right to apply to the Court to set this order aside within 21 days of such service. No measures of enforcement will be taken before the end of that period or until any application made by the Respondent within that period has been finally disposed of other than the New York Rule B attachment application referred to in paragraph 5 above.

8.  The costs of this application be paid by the Respondents.

Dated 24 May 2007